# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **OLENDER CONSTRUCTION COMPANY, INC,** : | |
| Plaintiff, : | |
| v. : | Civil Action No. 7:06-cv-105 (HL) |
| **DAVIS AND SONS CONSTRUCTION COMPANY, LLC, a Florida Limited Liability Company,** : | |
| Defendants. : | |

## ORDER

Before the Court is Defendant's Motion to Dismiss or to Transfer Venue (Doc. 7). After consideration of Defendant's memorandum, and without the benefit of a response from Plaintiff, the Court hereby denies Defendant's Motion insofar as it seeks dismissal, and grants the alternative request to transfer venue to the United States District Court for the Northern District of Florida, Gainesville Division.

This case was originally filed in the Superior Court of Lowndes County, Georgia, on July 21, 2006. Plaintiff, Olender Construction Company, Inc. ("Olender"), a Kansas corporation, alleged that Defendant, Davis and Sons Construction Company, LLC ("Davis"), a Florida Limited Liability Company, failed to pay Olender for work done on a construction project in Valdosta, Georgia. Among other things, Olender sought judgment in the amount of $88,799.11, as well as enforcement of a mechanic's lien. Alleging diversity jurisdiction,

Davis removed the case to this Court on October 20, 2006.

On November 22, 2006, Davis filed the Motion to Dismiss or to Transfer Venue at issue here. In the Motion, Davis asserts that the Subcontract Agreement entered into between Davis and Olender on November 12, 2004, makes Alachua County, Florida, "'the exclusive venue for any action brought under, arising out of or related to this Subcontract or the Work.'" (Mem. Law Supp. at 2, quoting Subcontract Agreement ¶ 33.) Through this Motion, Davis seeks enforcement of the choice of venue provision set forth in the Subcontract Agreement and asks that the Court either dismiss the case for improper venue, or transfer it to Alachua County, Florida. Olender has not filed a response to the Motion.

It is well established that forum selection clauses in contracts are enforceable in federal courts. P&S Bus. Mach., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S. Ct. 1907 (1972)). Moreover, the party opposing enforcement of the forum selection clause bears the burden of showing that the contractual forum is sufficiently inconvenient to justify the district court in retaining the dispute. Id. (citing In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989)). However, a party opposing enforcement of a forum selection clause has the right to challenge the validity of such a clause, under the usual rules governing enforcement of contracts. Id. (citing In re Ricoh Corp., 870 F.2d at 573-74).

Here, Olender, which would be the party opposing enforcement of the forum selection clause, has not responded to the Motion. Hence, Olender has put forth no argument to suggest that Alachua County, Florida, would be an inconvenient forum, or that the forum

selection clause is invalid. Nor does anything in the record suggest that the agreement should be invalidated, or that Alachua County, Florida, would be an inconvenient forum. Therefore, the Court finds it appropriate to enforce the same.

Davis asks for relief in the alternative, requesting either that the case be dismissed, or that it be transferred to the United States District Court, Northern District of Florida, Gainesville Division, Alachua County, Florida. (Mem. Law Supp. at 5.)[1] Section 1404(a) of Title 28 governs this Court's decision whether to give effect to the forum selection clause and transfer this case to Florida. *See* Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 32, 108 S. Ct. 2239, 2245 (1988). Section 1404(a) provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a) (West 2006). Thus, this Court has the authority to transfer the case to the United States District Court for the Northern District of Florida.[2]

Furthermore, the United States Court of Appeals for the Eleventh Circuit has directed that when considering a motion brought pursuant to § 1404(a) to enforce a contractual venue

---

[1] By requesting transfer to the district court in Florida, Davis apparently concedes that venue in the district court that encompasses Alachua County, Florida, satisfies the venue provision of the Subcontract Agreement.

[2] This case could have been brought in any judicial district in Florida. A civil action founded on diversity jurisdiction may be brought in "a judicial district where any defendant resides." 28 U.S.C.A. § 1391(a) (West 2006). Davis is a Florida Limited Liability Company, with each of its members residing in Florida, and is therefore deemed to be a citizen of the State of Florida. *See* Rolling Greens MHP v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004).

provision, courts need not accord deference to the plaintiff's choice of forum at filing. Rather, "when a motion under section 1404(a) seeks to enforce a valid, reasonable choice of forum clause, the opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute." In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). Olender has offered nothing in response to the Motion, and there is nothing in the record that persuades the Court that this case should not be litigated in the district court in Florida. Therefore, the Court finds it appropriate to transfer the case.

In view of the foregoing, therefore, the Court grants the Motion insofar as it requests that this case be transferred and denies the Motion insofar as it requests that this case be dismissed. It is hereby ordered that this case be transferred to the United States District Court for the Northern District of Florida, Gainesville Division.

**SO ORDERED**, this the 1st day of May, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

mls